UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CALVIN GREEN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | CIVIL CASE NO. 5:20-CV-467 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SUNSET LIVESTOCK CARRIERS, INC. | ) | |
| and JAMES BROUN, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF CALVIN GREEN'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Calvin Green ("***Plaintiff***") files this Original Complaint against Defendants Sunset Livestock Carriers, Inc. and James Broun (collectively, "***Defendants***"). In support thereof, Plaintiff states the following:

### I.

### JURY DEMAND

1.      Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial and tenders the proper jury fee.

### II.

### PARTIES

2.      Plaintiff Calvin Green is an individual residing in Cameron, Calhoun County, South Carolina.

3.      Defendant Sunset Livestock Carriers, Inc. is a Texas corporation that maintains its principal office and principal place of business at 3772 South U.S. Highway 183, Gonzales, Texas

78629. Sunset Livestock Carriers may be served with citation through its registered agent: Charles W. Graham, 3772 South U.S. Highway 183, Gonzales, Texas 78629, or wherever he may be found.

4.      Defendant James Broun is an individual residing in Gonzales County, Texas.  Broun may be served with process at his home address:   1898 FM 108, Gonzales, Texas 78629, or wherever he may be found.

## III.

### JURISDICTION AND VENUE

5.      The Court has jurisdiction over this lawsuit under Section 1332(a)(1) of Title 28 of the United States Code because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.

### CONDITIONS PRECEDENT

7.      All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## V.

### FACTUAL SUMMARY

8.      Plaintiff's claims arise out of a tractor-trailer collision that occurred on April 18, 2018, on eastbound Interstate Highway 10 in Kerrville, Kerr County, Texas, near mile marker 508 just past the ramp for Exit No. 508.

9.      Defendant James Broun—an employee or agent of Defendant Sunset Livestock Carriers—was travelling eastbound on Interstate Highway 10 driving a tractor-trailer owned by Defendant Sunset Livestock Carriers. Upon information and belief, at all relevant times, Broun was either (i) operating the tractor-trailer in the course and scope of his employment for Defendant Sunset Livestock Carriers or (ii) was a permissive user of the tractor-trailer.

10.     Plaintiff Calvin Green was parked in his tractor-trailer on the improved shoulder on the southside of eastbound Interstate Highway 10. Plaintiff was in his sleeper berth mapping his upcoming route.

11.     Approaching from behind Plaintiff's tractor-trailer, Defendant Broun was driving his tractor-trailer in the outside lane of traffic, closest to the improved shoulder where Plaintiff was parked. As he approached, Defendant Broun negligently and abruptly attempted to merge left into the inside lane where a motor vehicle was passing to his left. When Broun finally saw this vehicle, he made a faulty evasive maneuver to try to return to the outside lane. Defendant Broun's faulty evasive action caused his tractor-trailer to rollover onto its right side, leave the roadway, and crash into the rear of Plaintiff's parked tractor-trailer on the improved shoulder.

12.     The investigating officer from the Kerrville Police Department determined in the "contributing factors" section of the collision's Crash Report that Broun's conduct contributed to the collision because he took faulty evasive action.

13.     In this collision, Plaintiff struck his head, causing him to lose consciousness and causing severe head, neck, and back pain, among other things. Plaintiff suffered serious, permanent, and debilitating injuries, pain, and suffering as a result of this collision, all of which required medical treatment.

## VI.

## CAUSES OF ACTION

### Count No. 1:  Negligence (Against All Defendants)

14.     Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and re-alleged herein.

15.     Defendant Sunset Livestock Carriers is vicariously responsible for the negligence of their employee or agent, Defendant Broun, who was negligent and failed to act as a person of ordinary prudence would under the same or similar circumstances.

16.     Upon information and belief, Broun's negligence includes, without limitation, failure to use ordinary care and prudence. Upon information and belief, Defendant Broun was negligent in the following ways—among others:

- Taking faulty evasive action;

- Failing to keep a proper lookout;

- Changing lanes when unsafe;

- Being distracted in his vehicle;

- Being inattentive;

- Failing to control his speed;

- Operating at an unsafe speed;

- Failing to drive in a single lane of traffic;

- Failing to heed warning signs or signals;

- Failing to past to the left safely;

- Failing to secure his load;

- Improperly operating an oversized vehicle or load;

- Failing to brake or maintain proper control over his tractor-trailer;

- Driving too fast for the conditions;

- Failing to operate the tractor-trailer in a safe and reasonable manner consistent with Texas statutory law, federal law, and applicable common law;

- Failing to properly maintain or inspect his tractor-trailer in compliance with state and federal regulations;

- Failing to properly observe the road and traffic conditions;

- In such other particulars as may be determined through discovery taken pursuant to the Texas Rules of Civil Procedure; and/or

- Other acts of negligence which may be shown at the time of trial.

17.     Sunset Livestock Carriers is vicariously liable for Broun's negligence and independently liable because Sunset Livestock Carriers did not use ordinary care in training and supervising Broun, and the breach of the applicable standard of care by Broun, as alleged above, proximately caused damages to Plaintiff. Upon information and belief, Sunset Livestock Carriers was independently negligent in the following ways—among others:

- Negligently hiring and training its driver, Broun;

- Failing to properly hire, train, and supervise the operators of its tractor-trailers, including Broun;

- Negligently retaining drivers who have shown a proclivity for operating vehicles carelessly;

- Failing to institute, maintain, and/or enforce proper policies and procedures to ensure that its employees execute their responsibilities in a reasonable and prudent manner to protect innocent citizens, such as Plaintiff;

- Failing to exercise the degree of care, caution, and control that a reasonably prudent motor carrier would have exercised in the same or similar circumstances;

- Failing to enforce or abide by good practices, industry standards, or applicable rules and regulations concerning vehicle maintenance and repairs;

- Failing to institute, maintain, and enforce an adequate safety program for the safety and protection of the motoring public;

- In such other particulars as may be determined through discovery taken pursuant to the Texas Rules of Civil Procedure; and/or

- Other acts of negligence which may be shown at the time of trial.

18.     Upon information and belief, Sunset Livestock Carriers was also negligent in entrusting its tractor-trailer to Broun to operate because Sunset Livestock Carriers knew or should have known that Broun would operate the vehicle in an unsafe manner.

19.     Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Plaintiff's injuries and damages.

***Count No. 2:  Respondeat Superior (Against Sunset Livestock Carriers)***

20.     Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and re-alleged herein.

21.     Defendant Sunset Livestock Carriers is liable for Defendant Broun's negligence as alleged above, pursuant to the doctrine of *respondeat superior* because Defendant Broun was acting in the course and scope of his employment at the time of the occurrence.

**VII.**

**DAMAGES, COSTS, AND INTEREST**

22.     As a direct proximate result of the negligent acts and/or omissions described above, Plaintiff has suffered severe and permanent injuries and damages for which Plaintiff seeks recovery from Defendants.

23.     Plaintiff seeks damages in amounts the jury deems to be fair and reasonable consisting of the following:

- Physical pain and mental anguish in the past;

- Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;

- Medical and healthcare expenses in the past;

- Medical and healthcare expenses that, in reasonable probability, will be sustained in the future;

- Loss of earning capacity in the past;

- Loss of earning capacity that, in reasonable probability, will be sustained in the future;

- Physical impairment in the past;

- Physical impairment that, in reasonable probability, will be sustained in the future; and

- Any other actual or compensatory damages allowable by law.

24.     Plaintiff also seeks recovery for all costs of court and prejudgment and post-judgment interest at the maximum rates allowed by law.

## VIII.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants and award Plaintiff the following relief:

(i)     A sum of money—as determined by a jury to be fair and reasonable—within the jurisdictional limits of this Court for the damages indicated above;

(ii)     Pre-judgment and post-judgment interest at the maximum amount allowed by law;

(iii)     Costs of suit; and

(iv)    Such other and further relief to which Plaintiff may show himself to be justly
        entitled.

Filed on April 14, 2020                          RESPECTFULLY SUBMITTED:

                                                 /s/Chip Brooker
                                                 Eugene A. "Chip" Brooker, Jr.
                                                 Texas Bar No. 24045558
                                                 chip@brookerlaw.com
                                                 BROOKER LAW, PLLC
                                                 750 N. St. Paul St., Suite 600
                                                 Dallas, Texas 75201
                                                 214.217.0277 [Telephone]
                                                 469.405.1049 [Facsimile]

                                                 Shane M. Burroughs
                                                 S.C. Bar No. 70346
                                                 *(Pro Hac Vice Application Forthcoming)*
                                                 shane@landblawfirm.com
                                                 David Marshall
                                                 S.C. Bar No. 73760
                                                 *(Pro Hac Vice Application Forthcoming)*
                                                 david@landblawfirm.com
                                                 LANIER & BURROUGHS, LLC
                                                 Post Office Drawer 2789
                                                 1325 Saint Matthews Road
                                                 Orangeburg, South Carolina 29116
                                                 803.268.9800 [Telephone]
                                                 803.531.3465 [Facsimile]

                                                 ATTORNEYS FOR PLAINTIFF
                                                 CALVIN GREEN